■ Lobo & Co., Respondent, v. Antonio L. Contreras, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent, without prejudice to a new application by defendant to vacate the notice of examination as to the alleged agent, Francisco Blanco Calas, upon affidavits that unequivocally aver the absence of any agency. Section 288 of the Civil Practice Act permits an examination before trial of an adverse party or his " agents or employees ". It is plaintiff's contention in this suit that defendant placed the orders here at issue through the agency of Francisco Blanco Calas. It was unnecessary, as a matter of pleading, for plaintiff to allege the making of the contract by an agent. Defendant's denials of any agency, and Blanco's affidavit to the same effect, are couched in ambiguous language. Therefore, upon the present record, Special Term was correct in denying the motion to vacate the notice of examination. If indeed, as defendant vaguely intimates, Blanco had no connection with the matter in suit as defendant's agent, defendant may make a new motion to vacate upon affidavits which unequivocally set forth the facts regarding the absence of any agency. In other respects, the order below was a proper exercise of discretion which we would not disturb. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ In the Matter of Abraham Sherer, Appellant, against Robert C. Weaver, as State Rent Administrator, Respondent.— Order appealed from unanimously affirmed, without costs. Subsequent to the granting of the landlord's application for a certificate of eviction against the tenant Trifilio, the landlord, on April 16, 1956, applied for an increase in maximum rent on the basis of the tenancy of Trifilio and the occupancy of the subtenant Del Torro. The landlord's application of April 16, 1956 and the proceedings thereon are before us and we are entitled to consider them on this appeal (Ripley v. Storer, 309 N. Y. 506, 518). We find, under the circumstances of this case, that the landlord has waived his right to apply for a certificate of eviction against the subtenant Del Torro and it is unnecessary to pass on any other question. Concur — Botein, P. J., Breitel, M. M. Frank, McNally and Stevens, JJ.

■ Don Mitchell, as Receiver of Central Standard Insurance Company, Respondent, v. Matthew A. Berdon et al., Individually and as Copartners Doing Business under the Name of Ferro, Berdon & Company, Appellants, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ In the Matter of the Accounting of Alfred Yankauer et al., as Temporary Administrators and as Executors of George B. Epstein, Deceased. Alfred Epstein, as Surviving Executor of George Epstein, Deceased, Appellant; Louis J. Lefkowitz, Attorney-General of the State of New York, et al., Respondents.— Resettled decree so far as appealed from unanimously affirmed, with costs to all parties appearing separately and filing briefs payable out of the fund which has been directed to be paid to the Comptroller of the State of New York. No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.